UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

SUNDERLAND MARINE INSURANCE
COMPANY LTD.,

    Plaintiff,

                                            CASE NO.

vs.

C SERVICES, LLC,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, SUNDERLAND MARINE INSURANCE COMPANY LTD., by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment as to the coverage afforded under a policy of marine insurance, and further thereto would respectfully state as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant C

1

SERVICES, LLC, located at 999 Ponce de Leon Boulevard, Suite 1045, Coral Gables, Florida 33134.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff, SUNDERLAND MARINE INSURANCE COMPANY LTD., (hereinafter "SUNDERLAND") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of Newcastle.

5. Upon information and belief, the Defendant C SERVICES, LLC is a limited liability company organized and existing under the laws of the State of Florida.

**FACTUAL ALLEGATIONS**

6. On or about January 16, 2012, Defendant submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7. A true and correct copy of the said application form completed and signed by Defendant, and submitted to Plaintiff on or about January 16, 2012 by and on behalf of the Defendant by its agent is attached hereto as Exhibit "A."

8. Plaintiff agreed to issue a policy of marine insurance for the one (1) year period commencing on January 20, 2012 based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit 1.

9. Plaintiff thereafter agreed annually to renew the coverages originally afforded to the Defendant. Although the referenced annual renewals were accompanied by and were obtained on the basis of submission of renewal applications, each and every renewal of the original policy was based on the material information set forth in the original application, Exhibit 1 attached hereto.

10. On or about October 9, 2014, and again on or about October 28, 2014, while the 2000 61 ft Garlington vessel named "MATHILDA" was insured under the terms of Plaintiff's Policy No. SMI-14500-2014, which followed two years after the initial policy referenced herein, Defendant sent to the Plaintiff, via Defendant's agent, two emails requesting Plaintiff's approval of an endorsement to Plaintiff's Policy No. SMI-14500-2014 which would delete the captain, William "Bill" Dhillon, and add a new captain, Andrew Jackson, as a named operator.

11. A true and correct copy of the said email sent to Plaintiff on or about October 9, 2014 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 2.

12. A true and correct copy of the said email, with attachments including Andrew Jackson's resumé, sent to Plaintiff on or about October 28, 2014 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 3.

13. On or about October 28, 2014, Plaintiff approved an endorsement deleting "Capt. William 'Bill' Dhillon" and adding "Capt. Andrew Jackson" as a named operator under Plaintiff's Policy No. SMI-14500-2014.

14. A true and correct copy of the said endorsement deleting Capt. Dhillon and adding Capt. Jackson as a named operator under Plaintiff's Policy No. SMI-14500-2014 is attached hereto as Exhibit 4.

15. On or about January 8, 2015, Defendant sent the Plaintiff, via Defendant's agent, an email requesting renewal of the 2014 policy and attaching a renewal application.

16. A true and correct copy of the email sent to the Plaintiff by Defendant via Defendant's agent on or about January 8, 2015, with the renewal application attached, is attached hereto as Exhibit 5.

17. On or about January 20, 2015, Plaintiff "SUNDERLAND" in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. YIP-16837-2015 affording Hull & Machinery coverage in the amount of $960,000.00 on the 2000 61 ft Garlington vessel named "MATHILDA" which was owned by the said Defendant.

18. A true and correct copy of the Declarations Page and the policy language for Plaintiff's Policy No. YIP-16837-2015 is attached hereto as Exhibit 6.

19. Plaintiff agreed to issue its Policy No. YIP-16837-2015 based upon the representations set forth in, and the material information disclosed in, the original application which is attached hereto at Exhibit 1, in the emails and attachments requesting that Capt. Jackson be added as a named operator which are attached hereto as Exhibits 2 and 3, in the endorsement adding Capt. Jackson as a named operator which is attached hereto as Exhibit 4, and in the subsequent renewal application attached hereto as Exhibit 5.

20.     At some point in time during December 2015, while Plaintiff's Policy No. YIP-16837-2015 was in full force and effect, the 2000 61 ft Garlington vessel which was owned by the said Defendant was involved in an incident in which it has been alleged that certain damage was sustained by the vessel and/or the vessel's engines and generators.

21.     Following the incident of December 2015 as described herein, the Defendant failed to submit a claim to Plaintiff twenty-one (21) months, seeking coverage under the referenced policy of marine insurance for what are alleged to be damages sustained by the vessel and/or the vessel's engines and generators in December 2015.

22.     The Claim Declaration was not submitted by the Defendant, via email by Defendant's agent, to Plaintiff until September 18, 2017, twenty-one (21) months after the date of the loss.

23.     A true and correct copy of the said Claim Declaration, signed and submitted by Defendant's agent for and on behalf of Defendant, is attached hereto as Exhibit 7.

24.     The Defendant, or its agents, failed to notify the Plaintiff of the claimed machinery damage prior to September 18, 2017.

25.     The Defendant, or its agents, failed to provide the Plaintiff with an opportunity to inspect the alleged damage or investigate the claim until long after the incident referenced herein occurred.

26.     In the course of investigating the claim referenced herein, Plaintiff has learned that, in or around April to June 2016 the engines and generators were removed from the vessel and placed under a tarp outside at a marina in Islamorada, Florida.

27.     In the course of investigating the claim referenced herein, Plaintiff has learned that, in or around April to June 2016, the engines and generators of the "MATHILDA" were replaced.

28. The Defendant, or its agents, failed to notify the Plaintiff of the Defendant's actions in removing the old engines and generators, and then replacing the engines and generators, until long after such work had already been performed.

29. In the course of investigating the claim referenced herein, Plaintiff has learned that, in or around spring or early summer 2017, the old engines and generators were moved from the marina in Islamorada and placed under a tarp at 15250 State Road 4A, Summerland Key, Florida 33042.

30. Upon information and belief, the property at 15250 State Road 4A, Summerland Key, Florida 33042 is owned by Ulf Henriksson, who is also one of the owners of the Defendant entity.

31. In the course of investigating the claim referenced herein, Plaintiff has learned that the old engines and generators were left outside in the aforesaid condition at the Summerland Key property during Hurricane Irma, which lasted from approximately August 30-September 12, 2017.

32. In the course of investigating the claim referenced herein, Plaintiff has learned that its policy of marine insurance Policy No. YIP-16837-2015 (attached hereto as Exhibit 6) was obtained by the Defendant as a result of its misrepresentation and/or failure to disclose material facts when Capt. Jackson was added as a named operator to the previous policy (with the communications and the said endorsement attached hereto as Exhibits 2, 3, and 4), and during the renewal process (with said renewal application attached hereto as Exhibit 5).

**COUNTS I-IV**
**DEFENDANT'S BREACH OF POLICY PROVISIONS WHICH PREJUDICED PLAINTIFF'S ABILITY TO INVESTIGATE OR ASSESS THE CLAIM AND DAMAGES**

## **FIRST CAUSE OF ACTION**

33. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

34. Plaintiff's policy states, in pertinent part:

### POLICY TERMS AND CONDITIONS

\*\*\*\*\*\*

6) SUBMISSION OF CLAIM: We will not pay for any claim presented after one year from the date of loss or date on which the damage occurred.

35. By delaying in the submission of its required notice of claim, to the prejudice of the Plaintiff's ability to determine whether coverage existed for the referenced event, the Defendant has breached its obligations and/or its duties as set forth under the clear and unambiguous terms of the Plaintiff's policy of marine insurance attached hereto.

36. Notwithstanding the said breach of their obligations and/or duties under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the alleged damages or the alleged reduction in the sale price of the vessel insured under the said policy of marine insurance.

37. As a result of the aforesaid breach and the resulting lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. YIP-16837-2015. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine

insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

38. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

40. Plaintiff's policy states, in pertinent part:

<u>YOUR NON-DELEGABLE DUTIES IN THE EVENT OF A LOSS</u>

\*\*\*\*\*\*

2) As soon as reasonable and possible give us direct written notification of ANY loss and its circumstances….

41. By failing to provide Plaintiff with written notice of the loss as soon as was reasonable and possible, to the prejudice of the Plaintiff's ability to determine whether coverage existed for the referenced event, Defendant has breached its obligations and/or its duties as set forth under the clear and unambiguous terms of the Plaintiff's policy of marine insurance attached hereto.

42. Notwithstanding the said breach of their obligations and/or duties under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the alleged damages or the alleged reduction in the sale price of the vessel insured under the said policy of marine insurance

43. As a result of the aforesaid breach and the resulting lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. YIP-16837-2015. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

44. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

### THIRD CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

46. Plaintiff's policy states, in pertinent part:

<u>YOUR NON-DELEGABLE DUTIES IN THE EVENT OF A LOSS</u>

******

    5)    Give us an opportunity to examine the damaged property before it is moved, repaired and/or discarded.

47. By failing to provide the Plaintiff with an opportunity to examine the damaged property before it was moved, repaired and/or discarded, to the prejudice of the Plaintiff's ability to determine whether coverage existed for the referenced event, the Defendant has breached its obligations and/or its duties as set forth under the clear and unambiguous terms of the Plaintiff's policy of marine insurance attached hereto.

48. Notwithstanding the said breach of their obligations and/or duties under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the alleged damages or the alleged reduction in the sale price of the vessel insured under the said policy of marine insurance

49. As a result of the aforesaid breach and the resulting lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. YIP-16837-2015. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

50. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the

facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FOURTH CAUSE OF ACTION

51. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

52. Plaintiff's policy states, in pertinent part:

YOUR NON-DELEGABLE DUTIES IN THE EVENT OF A LOSS

\*\*\*\*\*\*

6) Submit a claim form and sworn signed statement if requested, describing the loss, together with two estimates of repair cost and/or records to substantiate the amount of the loss.

53. By failing to submit any estimates of repair cost and/or records substantiating the amount of the loss, to the prejudice of the Plaintiff's ability to determine the reasonable cost of damages in the event that coverage existed for the referenced event, the Defendant has breached its obligations and/or its duties as set forth under the clear and unambiguous terms of the Plaintiff's policy of marine insurance attached hereto.

54. Notwithstanding the said breach of their obligations and/or duties under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the alleged damages or the alleged reduction in the sale price of the vessel insured under the said policy of marine insurance

55. As a result of the aforesaid breach and the resulting lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. YIP-16837-2015. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

56. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION

## DEFENDANT'S FAILURE TO MITIGATE DAMAGES

57. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

58. Plaintiff's policy states, in pertinent part:

<u>YOUR NON-DELEGABLE DUTIES IN THE EVENT OF A LOSS</u>

\*\*\*\*\*\*

1) Immediately take all possible steps to minimize the loss and protect the insured vessel from further loss or damage. Failure

>to do so may invalidate your insurance coverage or reduce the amount of any claim that may be payable hereunder.

59. Even in the absence of an express contractual duty, Defendant had a duty under federal admiralty law to act as a "prudent uninsured" to mitigate damages.

60. The Defendant breached its duties by failing to take all possible steps to minimize the loss and protect the insured property from further damage by, among other actions, placing the old engines and generators in open-air storage under a tarp for at least fifteen (15) months before reporting the claim, inadequately protecting the machinery from the elements over a lengthy period of time.

61. By failing to minimize the loss, the Defendant has breached its obligations and/or its duties as set forth under the clear and unambiguous terms of the Plaintiff's policy of marine insurance attached hereto, and under federal admiralty law.

62. Notwithstanding the said breach of their obligations and/or duties under Plaintiff's policy of marine insurance, and under federal admiralty law, Defendant has made demand upon Plaintiff for payment of an amount equal to the alleged damages or the alleged reduction in the sale price of the vessel insured under the said policy of marine insurance

63. As a result of the aforesaid breach and the resulting lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. YIP-16837-2015. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

64. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SIXTH CAUSE OF ACTION

### MATERIAL MISREPRESENTATION

65. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

66. Plaintiff's policy states, in pertinent part:

<u>POLICY TERMS AND CONDITIONS</u>

******

2.) MISREPRESENTATION, CONCEALMENT OR FRAUD: The entire policy will be ***VOID*** if, in connection with your insurance application, whether before or after a loss, occurrence or event, any named insured or operator has:

a) Misrepresented or failed to disclose any material fact or circumstance or made any false statement related to this insurance: or
b) Engaged in fraudulent conduct.

67. The Defendant breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or failing to disclose facts which were material to Plaintiff's decision to accept and/or to continue the risk of insuring the vessel.

68. The Defendant misrepresented and/or failed to disclose material facts regarding a criminal conviction and history of driving/vehicle violations of the vessel's captain, Andrew Jackson.

69. Had the Defendant disclosed the material facts referenced herein, the Plaintiff would not have agreed to insure the vessel and/or would have not have agreed to issue Policy No. YIP-16837-2015 or would have charged a higher premium for the said policy.

70. The Defendant's misrepresentation and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

71. Defendant's breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

72. Notwithstanding the said breach of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount of the insured value of the vessel under the said policy of marine insurance.

73. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. YIP-16837-2015. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed

by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

74. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of December 2015 in which the insured vessel is alleged to have sustained damage;

(B) Declaring that Plaintiff's Policy No. YIP-16837-2015 does not afford coverage to the Defendant for the incident of December 2015 in which the insured vessel sustained damage;

(C) Declaring that Plaintiff's Policy No. YIP-16837-2015 is void as a result of misrepresentation and/or non-disclosure of material fact(s);

(D). Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: January 18, 2019
Fort Lauderdale, Florida

        GOLDMAN & HELLMAN
        Attorneys for Plaintiff
        8751 W. Broward Boulevard
        Suite 404
        Fort Lauderdale, Florida 33324
        Tel (954) 356-0460
        Fax (954) 832-0878

By:   /s/ Steven E. Goldman
        STEVEN E. GOLDMAN, ESQ.
        FLA. BAR NO. 345210

18